**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDY CHEEK,

    Defendant - Appellant.

No. 18-4175
(D.C. No. 2:17-CR-00606-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Randy Cheek pleaded guilty to possession of methamphetamine with intent to distribute and being a felon in possession of a firearm and ammunition. He was sentenced to serve 96 months in prison after the district court varied downward from the advisory Sentencing Guidelines range of 108 to 135 months. Although his plea agreement contained a waiver of his appellate rights, he filed a notice of appeal. The government has moved to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied.

In his response, Mr. Cheek states that he "does not dispute that his plea, along with his waiver of appeal rights, was knowingly and voluntarily entered." Resp. at 1. He also states that his "appeal falls within the terms of the appeal waiver he accepted in exchange for the United States' promises in the plea agreement." *Id*. Finally, he states that "the record in this case does not disclose any reasonable basis for asserting that enforcement of the plea waiver would result in a miscarriage of justice under the applicable standard." *Id*. (internal quotation marks omitted).

Because Mr. Cheek concedes that his appeal is within the scope of the waiver, his waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

2